## HARPER *v.* STATE OF INDIANA.

[No. 30,576. Filed September 23, 1964.]

*John A. Carson,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Edgar S. Husted,* Deputy Attorney General, for appellee.

MYERS, J.—This is an appeal from a judgment of the Marion Criminal Court, Division One, of Marion County, Indiana, whereby appellant was convicted for failure to provide for his children under fourteen years of age. The cause was tried by the court without the intervention of a jury. The court entered a finding of guilty as charged and sentenced appellant to the Indiana State Prison for a period of not less than one year nor more than seven years and fined appellant One Dollar and costs.

Appellant thereafter filed a motion for new trial on the ground that the finding and judgment of the court was not sustained by sufficient evidence and was contrary to law. This motion was overruled and appellant's appeal followed.

The State has filed a motion to dismiss the appeal on the ground that appellant has failed to comply with Supreme Court Rule 2-17(d) and (e) and Rule 2-6. Rule 2-17(d) requires that where the verdict or finding is assailed as contrary to law for lack of evidence, or as not sustained by sufficient evidence, the appellant's brief shall contain a condensed recital of evidence in narrative form with references to pages and lines of the transcript so as to present a full understanding of the questions presented. Rule 2-17(e) requires the appellant's brief to concisely state the basis of objections to rulings complained of, exhibiting clearly points of fact and of law presented, how they are applicable, and citing authorities and statutes relied upon.

Rule 2-6 provides, in general, that whenever appropriate a motion for new trial must be employed to preserve a question of error at the trial for consideration by the appellate tribunal. The first part of appellant's Argument in his brief concerns whether or not appellant understood the nature of his rights

during the preliminaries prior to the introduction of any evidence. This issue was not presented in the motion for new trial, and was raised on appeal for the first time.

We find that the State's motion to dismiss should be sustained in that appellant's brief does not comply with the Rules of the Supreme Court as herein stated.

Appeal dismissed.

Achor, C. J., and Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 201 N. E. 2d 273.